UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW COX, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Cause No. 4:10CV01572 CEJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon a successive motion filed by Matthew Cox to vacate, correct or set aside sentence, pursuant to 28 U.S.C. § 2255. Authorization to file this successive motion under 28 U.S.C. § 2255 was specifically granted by the United States Court of Appeals for the Eighth Circuit on April 29, 2010 (09-3858) (unpublished). The Government has filed a response. The parties have filed stipulations encompassing Cox's single and specific ground for relief.

Following a jury trial, Cox was found guilty of possession more than 50 grams of cocaine base, in violation of 18 U.S.C. § 841 (a)(1) (Count I), and of being a felon in possession of four separate firearms, in violation of 18 U.S.C. 922 (g) (Counts II, III, IV and V) . He was sentenced on Count I to a term of imprisonment of 360 months and to terms of imprisonment of 120 months on each of Counts II-V, with all terms to be served concurrently. The conviction and sentences were affirmed on appeal. United States v. Cox, 168 F. 3d 495 (8th Cir. 1998*)* (unpublished).

Cox then filed a motion for relief under 28 U.S.C. § 2255, asserting that he was denied effective assistance of counsel and that the sentence on Count I was illegal because the Court, rather than the jury, made the drug quantity determination. The

Court denied the § 2255 motion in its entirety. <u>Matthew Cox v. United States</u>, Cause No. 4:00-CV-360 CEJ (E.D. Mo. April 15, 2003). The Eighth Circuit denied Cox's application for a certificate of appealability and dismissed his appeal.

Thereafter, on December 29, 2009, upon motion by Cox to reduce his sentence under Count I pursuant to 18 U.S.C. § 3582 (c), the Court ordered that the sentence of imprisonment be reduced to 324 months. The sentences of imprisonment under Counts II-V remained unchanged.

As the sole ground for relief in the present motion under 28 U.S.C. § 2255, Cox asserts that the false testimony of St. Louis Metropolitan Police Department Detective Bobby Garrett denied Cox a constitutional right to a fair trial and that Garrett's misconduct was not discovered by the government at the time.

A. BACKGROUND

The initial encounter between Cox and law enforcement occurred on June 25, 1997, during the execution of a search warrant signed by a St. Louis City Circuit Court judge for 5622 Delmar, Apartment 406, in St. Louis, Missouri. The sole Affiant in the three-page, single-spaced complaint and application for the search warrant was St. Louis Metropolitan Police Department Detective Bobby Garrett. Garrett was also the sole government witness to testify at Cox's jury trial concerning the events which led to Cox's arrest and concerning the seizure of the cocaine base and firearms that formed the basis of the charges in Counts I-V. The execution of the search warrant at 5622 Delmar, Apartment 406, yielded approximately 3,132 grams of cocaine base, the subject of Count I, and a Glock, Model 17, a 9mm semi-automatic pistol, the subject of Count IV. Subsequently, a consent search of Cox's residence at 6530 Bartmer, St. Louis, Missouri, independently yielded three additional firearms which were the subject

of Counts II, III, and IV. Cox testified at trial, admitting to the prior felony conviction alleged in the Indictment and admitting that he had possessed the four firearms found at the Delmar and the Bartmer locations.

## B. GROUND FOR RELIEF

Cox originally sought relief from all five sentences in this successive motion. A document entitled "Stipulations" has proffered facts and circumstances to the Court which has clarified the position of the parties in this matter. Those Stipulations acknowledge that recently discovered certain facts and circumstances, unknown to the government and Cox at the time of the jury trial and subsequent sentences, have brought into serious question the validity of the search warrant at 5622 Delmar, Apt. 406, in St. Louis, Missouri.

Franks v. Delaware, 438 U.S. 154 (1978), has long been considered the benchmark case with respect to the suppression of items seized as the result of a search warrant based on a false statements in a search warrant application and affidavit. Typically, when considering a motion to suppress a search warrant, the court is limited to the "four corners" of the affidavit presented to the authority issuing the warrant to determine if sufficient facts are alleged to support probable cause. Illinois v. Gates, 462 U.S. 213, 238 (1983). A defendant, then, can only have a constitutional right to challenge the truthfulness of factual statements made in such an affidavit at a hearing if he or she makes a substantial showing that a false statement was made knowingly or intentionally, or with reckless disregard for the truth, that the false statement or statements were necessary to the finding of probable cause and that the remaining content of the affidavit absent the infirm statement or statements is insufficient to support probable cause. Franks, 438 U.S. at pp. 155-156, 171-172. If

all the affidavit's infirm statements are set to one side and the remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was originally lacking on the face of the affidavit. Id. at p. 156.

Here, the parties have stipulated the following pertinent facts and circumstances:

**8. That, with respect to Count I, no sufficient or adequate information, testimony or evidence exists to convict beyond a reasonable doubt Cox of the offense of possession with intent to distribute cocaine base in violation of any provision of 21 U.S.C. 841 in the absence of a valid search warrant to execute upon and enter 5622 Delmar, Apartment 406, St. Louis, Missouri on June 25, 1997;**

**9. That the parties agree that, based upon recent investigation and revelation of facts and circumstances previously unknown to the parties, Cox, now has made a substantial preliminary showing, by sworn offer of proof and otherwise, that false statements and omissions may have been made with reckless disregard for the truth by the sole Affiant to the aforesaid search warrant sufficient to mandate a testimonial hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-156 (1978);**

**10. Therefore the parties also agree that the government would be unable to offer relevant credible evidence in defense of the affidavit in support of the search warrant in the event of a Franks hearing.**

These Stipulations are found by the Court to be crafted with due, proper and complete consideration of all Franks issues and procedures. The stipulations also factually and legally support the parties' joint request to vacate the sentences on Counts I and IV.

C. CONCLUSION

The stipulations and recommendations of the parties contained therein provide

a fair, reasonable and final resolution of the matter before the Court. For this reason, the Court concludes that Cox is entitled to partial relief on the issue and claim he asserts in his successive motion and as to which the Stipulations have been directed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Matthew Cox to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **granted with respect to the sentence imposed under Count I and the sentence imposed under Count IV**.

**IT IS FURTHER ORDERED** that the sentences imposed under Count I and Count IV **only** are **vacated**.

**IT IS FURTHER ORDERED** that the motion to vacate is **denied with respect to the sentences imposed under Counts II, III and V**.

An Amended Sentence and Judgment is filed herewith.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2010.